## PAUL MITCHELL v. STATE.

No. A-8243. Aug. 16, 1932.
(13 Pac. [2d] 595.)

A. C. Brewster and P. D. Mitchell, (Leverett Edwards and T. Murray Robinson, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Mayes county of the crime of manslaughter in the first degree, and his punishment fixed by the court at confinement in the state penitentiary for a period of eight years.

Defendant was charged with the murder of one S. D. C. Edwards by striking him with his fist.   The difficulty occurred in the little town of Strang, and from the record

it appears that the defendant had been away from this neighborhood about six years, most of this time outside the state, but had returned to visit his brother. The state supported its case by the testimony of one witness who saw the difficulty or part of the difficulty, one Braden, who testified that he walked up to the defendant and deceased and saw what took place after he arrived there; that deceased twice beckoned to him with his head; that he heard defendant say that he ought to knock deceased's head off, using an oath; that he got up about six or eight feet and defendant said again, "I ought to knock your head off," and witness asked defendant not to hit the old man; that defendant caught deceased with his right hand and struck him about three times on the jaw with his left fist; that he then turned him loose and deceased dropped; that he then assisted in carrying the body into the telephone office. There was also testimony that after the homicide defendant fled from the state.

The testimony for the defendant is that he was talking to one Peyton when deceased came up, took the defendant by the arm, and asked what he was doing there, and the defendant in answering inquired, "Haven't I got a right to be here?" and deceased said, in substance, it was about time he was leaving, with some other words which were not understood. Defendant cautioned deceased to let him alone or he would knock his head off.

Defendant testified that deceased then put his hand inside his overcoat and threatened to shoot him, and he then struck several times with his fist. There was testimony that some six years prior to this time, and before the defendant left the neighborhood, there had been ill feeling between them. Various contentions are made by the defendant, most of which are without merit. Defendant assigns error of the court in allowing the state to lead

its witness Esther Barlow. This witness was a half-niece of the deceased. She was permitted to testify that a day or two before the trial commenced in an effort to interview her, that she was not at home; that defendant made assertions that he would see her some place before the trial began; that witness was told defendant was drinking at the time; that she became frightened and did not testify fully or in accordance with a statement she had made soon after the homicide, which was in the possession of the county attorney who was permitted to lead the witness as to her former statement and in doing so introduced hearsay evidence. There is some merit in this contention. The witness was willing and friendly to the state. The state was permitted to prove statements of hostility of defendant toward deceased made six years previously. In view of the fact that defendant did not seek the deceased and did not provoke the difficulty, these statements are remote.

Defendant complains that the court excluded competent evidence in his behalf. This refers to testimony offered to show specific acts of deceased in support of defendant's theory that he was a violent and dangerous character. This offer was that deceased some forty years before had killed a man, and some fifteen years before had shot at and attempted to kill another man, and of other acts of violence, and that in recent years he had been in the habit of carrying concealed weapons, all of which was known to the defendant. Most of this evidence was too remote. The latter item was admissible.

Defendant argues that the court erred in refusing his requested instruction No. 10. This request purports to inform the jury the purpose and consideration to be given the testimony as to the reputation of deceased as a

quarrelsome and dangerous man and the probable effect of such knowledge on defendant. The instruction is not correct in form and contents, but the principle it embodies should have been covered by the proper instruction.

No one of the various errors alone would justify a reversal, but altogether they deprived defendant of a fair trial and no doubt account for the severe judgment.

A consideration of the entire record convinces us that the evidence does not support a conviction for manslaughter in the first degree.

The case is reversed and remanded for further proceedings not inconsistent with this opinion.

EDWARDS and CHAPPELL, JJ., concur.